## PALMER et al. v. GRIVAS et ux.

### No. 9555.

Court of Civil Appeals of Texas. Galveston.
May 14, 1931.

Rehearing Denied June 4, 1931.

Second Rehearing Dismissed July 22, 1931.

S. O. Lovejoy and C. L. Bass, both of Houston, for plaintiffs in error.

Huggins, Kayser & Liddell and Sam H. Benbow, all of Houston, for defendants in error.

GRAVES, J.

On a record sued out under writ of error, which contains no assignments of error and is unaccompanied by a statement of facts, the plaintiffs below complain of the trial court's action in denying their motion for a $2,500 judgment in their favor, and instead granting that of their adversaries, the defendants, that they take nothing, upon this verdict of a jury on special issues:

"Special Issue No. 1.

"Did or did not Ruth Palmer on or before July 5, 1928, unlawfully appropriate to her own use and benefit money from the cash register of the defendant.

"She did not.

"Special Issue No. 2.

"Did or did not J. B. Grivas or London E. Roth Grivas or either of them on or about

July 5, 1928, in the Cotton Hotel Coffee Shop state that Ruth Palmer was the one who had been stealing the money, that she was the one who stole it, or words to such effect.

"They did.

"Special Issue No. 3.

"Did or did not parties other than Mr. and Mrs. Grivas hear the statement made by Grivas or his wife, if you so find, to the effect that Ruth Palmer had stolen money from them.

"They did.

"Special Issue No. 4.

"If you have answered the foregoing in the affirmative and only in that event, give the name or names of the parties who overheard the statement as inquired about in the foregoing special issue.

"Miss Jones and Mr. Jones, and others.

"Special Issue No. 5.

"If you have answered No. 3 and 4 in the affirmative, then answer the following:

"Did or did not the parties who heard the said statement understand what was said at the time the same was so uttered.

"They did.

"Special Issue No. 6.

"If you have answered Special Issue No. 5 in the affirmative and only in that event, answer the following:

"Did or did not the parties who heard the said statement understand to whom it was applied at the time the same was uttered.

"They did.

"Special Issue No. 7.

"Was or was not such statement or statements actuated by malice towards Ruth Palmer as the term malice is hereafter defined.

"It was not.

"Special Issue No. 8.

"What amount of actual damages, if any, do you find the plaintiff entitled to recover herein by reason of the said statement made to or about her.

"In this connection you are instructed that you may take into consideration injuries, if any, to the plaintiff, Ruth Palmer's, nervous system, embarrassment, shame and humiliation suffered by her, if any, and damages to her reputation, if any, suffered by her as a direct and proximate result of such accusation, if any, made by the defendants herein.

"$2,500.00.

"Special Issue No. 9.

"What amount of exemplary damages, if any, do you find plaintiffs are entitled to recover herein of the defendants by reason of

such statements so made to and about the plaintiff, Ruth Palmer.

"In this connection you are instructed that in addition to actual damages you may in your discretion allow such sum as you may find as punitive damages or punishment.

"You are directed in this case that you may allow exemplary or punitive damages against the defendant as in your discretion the case merits. Exemplary and punitive damages are awarded in the nature of punishment not to enrich the injured parties, but for the public good, and in this case you are instructed that if you believe from the evidence that the accusations of the defendant were wilful and wanton or done with intent to injure the plaintiff, Ruth Palmer, in connection therewith, you may assess such amount as exemplary damages as you may deem proper under all the circumstances in this case.

"None."

The suit was for damages for the alleged slander of plaintiff, Ruth Palmer, employed at the time as cashier for the defendants in their coffee shop in the Cotton Hotel at Houston, upon averments that on or about July 1-5, 1928, they had at such place, in the presence and hearing of Doris Haws, Fred Lee Cooper, Howard Pickett, John McKinnon, and "a great many other people the exact number and names of whom plaintiff does not know," falsely accused her of having stolen money from their cash register, and, on authority of Perry Bros. v. Layton (Tex. Com. App.) 25 S.W.(2d) 310, this judgment below is claimed to have involved fundamental error, apparent from the face of the record, hence cognizable without an assignment, in that the jury found on what must on appeal be assumed to have been the facts that these slanderous statements had been made "in a Coffee Shop open to the public, in the presence and hearing of persons having no interest in the subject-matter of the accusations, and present upon the implied invitation of the defendants."

We think, however, that this contention cannot be sustained, because it assumes the contrary of what here appears. The defendants had fully pleaded the qualifiedly privileged character of such statements as they were found to have made, averring that the same had been made as an incident to and in the course of the employment of Ruth Palmer by themselves, about a matter respecting their mutual business affairs in which both were interested, and in the performance of their duties as such employers, that her co-employees, in the discharge of their several duties and service, had advised defendants that she had been wrongfully taking and keeping money from the cash register, and that, in the circumstances, they had reason-

ably probable grounds for believing and did believe the truth thereof, wherefore such statements had been at least qualifiedly privileged and in effect invited by Ruth Palmer herself.

The question of qualified privilege having been thus raised, and the jury having found not only that there was no malice on defendants' part in making the statements they did but also that they were not overheard by any of the persons the plaintiffs charged had heard them, in deference to the judgment in favor of defendants, there being before us neither a statement of facts, nor any intimation in the record that has come up that those who may have heard the utterances were not fellow employees of the plaintiff, we conclude that it must on the appeal be presumed that the trial court properly found the claimed statements to have been qualifiedly privileged.

This view is so well stated in the able brief for defendants in error that this much of it is adopted as our own opinion upon the subject: "In the Perry Bros. v. Layton Case, the Commission of Appeals upon the advise of the Supreme Court held that where the slanderous utterance charges the commission of a crime, malice is presumed in the absence of the utterance being qualifiedly privileged. It further held that the qualified privilege had been destroyed by the fact that the utterance was made in the hearing of two strangers, casual customers of the store, who had no interest in the subject matter. The fact that the slanderous utterance was overheard by the two strangers who had no interest in the subject matter was conclusively shown by the appellate record, as the complete statement of facts was before the appellate court and the question was covered by proper assignments of error, but in this case now under consideration, the parties named by the jury as having overheard the alleged slanderous utterance were none of the parties alleged by name in plaintiffs' pleadings as having heard the statements, and the record before this court nowhere shows or intimates that the parties named were not employees, or other parties interested in the subject matter covered by the alleged slanderous utterance. To make this distinction clear, we quote the following from the opinion of the Commission of Appeals in the Layton Case: 'The precise question to be determined here is whether or not the fact that the utterances of Barr, imputing the crime of theft to Mrs. Layton, were made in the presence and hearing of the two women customers who had no interest in the subject matter of the communication, and whose presence was casual and not by design of Barr, renders the communication unprivileged. In conference with the Supreme Court, we have been instructed to hold that the defamatory statements of Barr lost their privileged character by reason of the fact that same were made in a store open to the general public and in the presence and hearing of customers who were there on the implied invitation of appellant, and who had no interest in the subject matter of the statements.' Foley Bros. v. McClain [Tex. Civ. App.] 231 S. W. 459; Railway Co. v. Richmond, 73 Tex. 568 [11 S. W. 555, 4 L. R. A. 280, 15 Am. St. Rep. 794]; Newell on Libel and Slander (4th Ed.) p. 416; Vacicek et ux. v. Trojack (Galveston Court of Civil Appeals), 226 S. W. 505."

It follows that an affirmance should enter; it will be so ordered.

Affirmed.