Jack F. **BAGWELL** et ux., Appellants,

v.

Veda Marie **LOTSPEICH** et al., Appellees.

No. 1070.

Court of Civil Appeals of Texas, Tyler.

Jan. 26, 1978.

Bill F. Griffin, Jr., Center, for appellants.

Tom Bankhead, Bankhead & Davis, Carthage, for appellees.

MOORE, Justice.

The opinion heretofore delivered on December 15, 1977, is hereby withdrawn and the following is substituted in lieu thereof.

This is an appeal from a summary judgment. Plaintiffs, Jack F. Bagwell and wife, Beatrice, brought suit to recover title to and possession of a 150.56-acre tract of land against defendant, Veda Marie (Lotspeich) Wilson, Individually and as Executrix of the Last Will and Testament of Wheeler Lotspeich, deceased, and as community survivor of the community estate of herself and her deceased husband, Wheeler Lotspeich. Also named as defendant was Tommy Wilson, her present husband. As grounds for a cause of action plaintiffs alleged that they conveyed the land in question to defendants on May 14, 1962, and at the time of the conveyance defendant Veda Marie and her deceased husband agreed that they would hold the land in trust for the plaintiffs and would reconvey it to them. Plaintiffs sought to recover title and possession on the basis of the trust agreement. In the alternative, plaintiffs sought to recover title and possession in an action in trespass to try title. Defendants answered with a general denial and set up a plea in bar alleging that plaintiffs' claim was barred by the four-year statute of limitations. The cause came on for hearing on a motion for summary judgment filed by defendants. After the hearing the court granted the motion and entered a take-nothing judgment against plaintiffs, from which ruling plaintiffs perfected this appeal.

We reverse and remand.

The record reveals that plaintiffs filed their original petition on October 21, 1963. The suit remained on file for more than five years before plaintiffs requested the issuance of citation for personal service on May 13, 1969. On that date plaintiffs filed their first amended original petition without making any substantive changes in their original allegations and issued citation for personal service.

In their motion for summary judgment, defendants alleged that plaintiffs' primary claim seeking to recover title based upon an express trust is barred by the four-year statute of limitations. Defendants further alleged in their motion for summary judgment that plaintiffs' alternative plea in trespass to try title is premature because the deed they executed to defendants has never been cancelled or set aside. Therefore, they alleged the deed constitutes an impediment to plaintiffs' suit in trespass to try title until the outstanding deed is cancelled or set aside. Attached to their motion was a copy of plaintiffs' first amended original petition and the citation of service showing that the same was not issued until May 13, 1969. Also attached to defendants' motion for summary judgment was a certified copy of the warranty deed by which plaintiffs conveyed the land in question to defendants. In reply to the motion plaintiffs filed a pleading denying defendants' allegations, but offered no summary judgment proof.

■ Plaintiffs argue first that defendants' exhibits, consisting of plaintiffs' first amended original petition and the citation issued thereon and the certified copy of the warranty deed executed by plaintiffs to Mr. Lotspeich, deceased, and wife, Veda Marie, are inadmissible under Rule 166–A(c) and (e), Tex.R.Civ.P. They argue that such exhibits should not have been admitted

since they were not in the form of affidavits, and that therefore the summary judgment was improper. We do not agree. Rule 166–A(b) provides that the defending party may move for summary judgment with or without supporting affidavits. The plaintiffs' first original petition and the citation would, of course, be admissible as part of the official record. The certified copy of the deed would also be admissible without the necessity of its being incorporated within a sworn affidavit. 4 McDonald, Texas Civil Practice sec. 17.26.5 at 143 (1971 ed.); see also *Whelan v. New Mexico Western Oil & Gas Co.,* 226 F.2d 156 (10th Cir. 1955). It follows that the summary judgment proof was admissible. Consequently, we will proceed to determine whether the summary judgment is sustainable under the undisputed facts presented by the record.

 Where the defendant files a motion for summary judgment the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiffs' cause of action. Rule 166–A, Tex.R.Civ.P.; *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970). A summary judgment should be granted and, if granted, should be affirmed only if the summary judgment record establishes a right thereto as a matter of law.

Plaintiffs contend that the trial court erred in sustaining the summary judgment on the basis of the four-year statute of limitations as alleged by defendants in their motion for summary judgment. We agree with this contention. Defendants alleged that plaintiffs' primary cause to enforce the alleged trust agreement was barred by the four-year statute of limitations provided for in Article 5529, Tex.Rev.Civ.Stat.Ann., which reads as follows:

"Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterwards."

This is not a suit in which plaintiffs seek to set aside or cancel the deed which they executed to defendants, and defendants so admit in their brief. Nowhere did plaintiffs allege the deed was executed because of fraud, accident or mistake. Although plaintiffs did allege in their primary suit seeking to enforce the trust agreement that the deed should be cancelled because it created a cloud on their title, it is obvious from their pleadings as a whole that they were seeking to establish title on the basis of the trust agreement. What they sought to do in their primary action to enforce the trust agreement was to subordinate the legal title conveyed to the defendants to the superior equitable title which they held as a result of the alleged trust agreement. The fact that they set out facts which constituted their cause of action in this regard did not change the character of their suit to one seeking cancellation of the deed; it was for the recovery of real estate, just as much as their alternative action in trespass to try title. *Stafford v. Stafford,* 96 Tex. 106, 70 S.W. 75 (1902); *Carl v. Settegast,* 237 S.W. 238 (Tex.Comm'n App.1922, opinion adopted).

 It is settled law that the four-year statute of limitations, as provided for in art. 5529, supra, is not applicable to an action for the recovery of land accruing under and based upon an expressed trust. 57 Tex. Jur.2d *Trusts* sec. 242, p. 621; *Stafford v. Stafford,* supra; *Carl v. Settegast,* supra; *Hall v. Rawls,* 188 S.W.2d 807 (Tex.Civ. App.—Beaumont 1945, writ ref'd w.o.m.). Therefore, despite the fact that over four years had accrued between the time of filing of suit and issuance of citation, the four-year statute would not stand as a bar to the plaintiffs because the plaintiffs' primary suit is for the recovery of real estate. It follows that the summary judgment cannot be sustained on the theory that the plaintiffs' cause of action is barred by the four-year statute of limitations.

Next, plaintiffs contend that the trial court erred in sustaining the summary judgment on the ground that the deed

which they executed to defendants constitutes an obstacle to their alternative suit in trespass to try title. Defendants argue that the plaintiffs cannot recover on their alternative suit, as a matter of law, because the outstanding deed constitutes an impediment to their maintaining an action in trespass to try title. They argue that as a prerequisite to the action in trespass to try title, plaintiffs were required to plead and prove as a matter of law that the outstanding deed in the defendants had been previously cancelled and set aside. We find no merit in this contention.

■ The record reveals that plaintiffs' alternative action is limited to a trespass to try title suit and is framed in the formal manner as required by Rule 783, Tex.R. Civ.P. Under such general averments of ownership the plaintiff may show whatever title he has to the property, including equitable title, without specially pleading it. 56 Tex.Jur.2d *Trespass to Try Title* sec. 110, p. 227. He would have such right because the interest of the cestui que trust under an expressed trust agreement is an equitable title and not a mere equitable right. Proof of equitable title is sufficient to support an action in trespass to try title. 56 Tex. Jur.2d sec. 10, pp. 78–80.

■ In the event plaintiffs should later elect to proceed to trial on their action in trespass to try title, they would then be authorized to offer proof showing equitable title by reason of the trust agreement. Since their suit in trespass to try title would constitute a suit for equitable title, they would not be obligated first to set aside the deed which gave rise to the outstanding legal title. 56 Tex.Jur.2d sec. 10, p. 79; *Hall v. Miller*, 147 S.W.2d 266 (Tex.Civ.App. —San Antonio 1941, writ dism'd judgmt cor.); *Morrison v. Parish*, 384 S.W.2d 764 (Tex.Civ.App.—Texarkana 1964, writ dism'd). Plaintiffs would not be seeking a repudiation of the deed, but would be seeking only to subordinate the legal title theretofore conveyed to the superior title which they held by reason of the alleged trust agreement. The equitable title arising by reason of the alleged trust agreement is in no way inconsistent with the deed to the defendants. While their title would depend upon the establishment of the trust agreement, the deed in question constitutes no barrier or impediment to their action in trespass to try title.

This is not a case such as *Deaton v. Rush*, 113 Tex. 176, 252 S.W. 1025 (1923) or *Goodwin v. City of Dallas*, 496 S.W.2d 722 (Tex. Civ.App.—Waco 1973, no writ), where it was necessary, in order to establish title, to set aside a voidable deed which stood as an obstacle to the plaintiffs' recovery. It follows that the deed in question presents no obstacle or impediment to the plaintiffs' cause of action in trespass to try title and therefore the summary judgment cannot be sustained on such theory.

This brings us to defendants' contention that plaintiffs' primary suit to enforce the trust agreement, as well as their alternative suit in trespass to try title, rests on a parol trust agreement and is therefore barred by art. 7425b–7, Tex.Rev.Civ.Stat.Ann. The statute relied on by defendants, known as the Texas Trust Act, reads in part as follows:

"Provided, however, that a trust in relation to or consisting of real property shall be invalid, unless created, established, or declared:

1. By a written instrument subscribed by the trustor or by his agent thereunto duly authorized by writing; . . . .."

■ An oral trust relating to real estate would be prohibited by the foregoing statute. See *Morrison v. Farmer*, 147 Tex. 122, 213 S.W.2d 813 (1948); *Mills v. Gray*, 147 Tex. 33, 210 S.W.2d 985 (1948); *Vector Corp. v. First State Bank & Trust Co. of Port Lavaca*, 430 S.W.2d 536 (Tex.Civ.App. —Waco 1968, writ ref'd n.r.e.). A trust may not be engrafted upon a deed absolute on its face on parol testimony. *Broden v. Broden*, 330 S.W.2d 674 (Tex.Civ.App.— San Antonio 1959, no writ).

■ The argument that the trust agreement in question was a parol agreement is not supported by the record. Plaintiffs alleged in their petition that the parties entered into an express trust agreement, without stating whether the agreement was

written or oral. Nowhere in defendants' pleadings or in their motion for summary judgment is it alleged that the trust agreement was oral and in violation of the Texas Trust Act, nor did they offer any summary judgment proof that the agreement was a parol agreement. The notion that the agreement was a parol agreement is mentioned for the first time in defendants' brief. Plaintiffs' allegations with regard to the trust agreement are very broad and would no doubt be sufficient to permit proof of a written trust agreement if one existed. Plaintiffs, of course, were not obligated to allege the evidence which they proposed to offer to prove their case, especially in the absence of any special exceptions leveled at their pleadings. In the absence of any pleadings or proof showing the plaintiffs' cause of action rested upon a parol agreement in violation of the Texas Trust Act, the summary judgment cannot be supported on the theory that plaintiffs' cause of action was in violation of the Trust Act as a matter of law.

Had defendants offered summary judgment proof conclusively showing that the agreement relied on by the plaintiffs was a parol agreement invalid because of the Texas Trust Act, a different situation would have been presented.

The judgment of the trial court is reversed and the cause is remanded.