**Douglas Brian BERGMAN, Appellant,**

v.

**OSHMAN'S SPORTING GOODS, INC. and Jack Williams, Appellees.**

No. 1308.

Court of Civil Appeals of Texas, Tyler.

Jan. 31, 1980.

George S. McKearin, III, Dallas, for appellant.

James V. Roberts, Bailey, Williams, Westfall, Lee & Fowler, Dallas, for appellee, Oshman's Sporting Goods.

William C. Dowdy, III, Touchstone, Bernays, Johnston, Beall & Smith, Dallas, for appellee, Jack Williams.

McKAY, Justice.

This a slander case. Appellant Douglas Bergman brought suit against appellee Jack Williams and appellee Oshman's Sporting Goods, Inc., alleging he was slandered by certain words spoken by appellee Williams. Both appellees moved for summary judgment which was granted by the trial court.

Appellant and Don Eisenstein were employees at appellee Oshman's store in Dallas, Texas. Appellee Williams was the manager. Cash shortages occurred while appellant was working at the store but cleared up when he left employment with Oshman's. Before appellant left employment, Williams discussed the shortages in a general meeting with the employees of the store, suggesting that "it could either be attributed to being a new store, new people making mistakes, giving change or ringing up sales or somebody was taking the money." After appellant left employment, Williams asked Eisenstein if thought appellant would steal any money from the store. Eisenstein said "no." Eisenstein subsequently related this conversation to appellant pre-cipitating this action. From the trial court's action in granting summary judgment in favor of appellees, appellant has duly perfected this appeal and brings one point of error.

Appellant's point of error argues that the trial court erred in finding that there is no genuine issue of material fact which affords appellant with any relief and that appellees are therefore entitled to judgment as a matter of law.

The question on appeal from the granting of a summary judgment is not whether the summary judgment proof raises fact issues, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the appellant's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Bagwell v. Lotspeich*, 561 S.W.2d 920, 923 (Tex.Civ.App.—Tyler 1978, no writ); Rule 166–A Tex.R.Civ.P. The granting of a summary judgment should be affirmed only if the summary judgment record establishes a right thereto as a matter of law. *Bagwell v. Lotspeich*, supra.

We have carefully examined all of the summary judgment evidence before us and have given appellants the benefit of all permissible inferences and presumptions under the well accepted rules of judicial review of summary judgments. See *Great American Reserve Insur. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965); *Tigner v. First National Bank*, 153 Tex. 69, 264 S.W.2d 85, 87 (1954). We find, and so hold, that appellees sustained their burden of proof by showing through their summary judgment evidence that no material issue of fact was presented and therefore, the trial court correctly granted appellees' motion for summary judgment.

To constitute actionable slander there must be a defamatory statement orally communicated or published without legal excuse. *Glenn v. Gidel*, 496 S.W.2d 692, 697 (Tex.Civ.App.—Amarillo 1973, no writ); *McDaniel v. King*, 16 S.W.2d 931, 932 (Tex. Civ.App.—San Antonio 1929, no writ). Also

see 36 Tex.Jur.2d Libel & Slander § 1 at 276–80. The communication to a third party must be in such a way that the third party understood the words in a defamatory sense; and evidence that at least one hearer understood the words as defamatory is necessary for there to be an actionable publication of slander. *Glenn v. Gidel,* supra; *Montgomery Ward & Co. v. Peaster,* 178 S.W.2d 302, 306 (Tex.Civ.App.—Eastland 1944, no writ).

■ With respect to the defense of privilege advanced by appellees, it has been stated that a "Qualified privilege comprehends all communications made in good faith on any subject matter in which the author has an interest, or with reference to which he has a duty to perform, to another person having a corresponding interest or duty." *Butler v. Central Bank & Trust Co.,* 458 S.W.2d 510, 514 (Tex.Civ.App.—Dallas 1970, no writ); 36 Tex.Jur.2d § 71, pp. 357–358. Additionally: "Accusations against an employee by his employer or another employee, made to a person having a corresponding interest or duty in the matter to which the communication relates, are qualifiedly privileged." *Butler v. Central Bank & Trust Co.,* supra at 514, 515; *Gulf Construction Co. v. Mott,* 442 S.W.2d 778, 784 (Tex. Civ.App.—Houston [14th Dist.] 1969, no writ); *Foley Bros. Dry Goods Co. v. McClain,* 231 S.W. 459, 462 (Tex.Civ.App.— Beaumont 1921, no writ); 36 Tex.Jur.2d § 79 p. 366. The question of whether a conditional or qualified privilege exists is a question of law to be decided by the trial court. *Southwestern Bell Telephone Co. v. Dixon,* 575 S.W.2d 596, 599 (Tex.Civ.App.— San Antonio 1978, no writ); *Borden, Inc. v. Wallace,* 570 S.W.2d 445, 447 (Tex.Civ.App. —El Paso 1978, writ dism'd); *Mayfield v. Gleichert,* 484 S.W.2d 619, 626 (Tex.Civ.App. —Tyler 1972, no writ).

■ It is our view that the undisputed facts in the record clearly show that the communications made by appellee were privileged and therefore, there is no action-

able slander. Appellees clearly had an interest in the subject matter of the communication, i. e., the honest and efficient operation of their business enterprise. The only person to whom the communication was made was another employee, John Eisenstein, who had a corresponding interest in the subject matter. Moreover, the record is completely devoid of any evidence of malice on the part of appellees.[1] In sum, the dispositive rule of this case is well stated as follows: "An employer who believes that an employee has wrongfully taken money has the right to question him in regard to the matter, and to make to him, as well as to all others having any interest, such statements regarding the matter as he believes on reasonable grounds to be true." 36 Tex.Jur.2d § 79 at 367–68 (1962). Also see *Palmer v. Grivas,* 41 S.W.2d 80, 82 (Tex.Civ.App.— Galveston 1931, no writ); *Koehler v. Sircovich,* 269 S.W. 812, 817 (Tex.Civ.App.—Galveston 1925, no writ); *Foley Bros. Dry Goods Co. v. McClain,* supra at 465.

Additionally, it is our view that there was no publication of the communication. The summary judgment proof clearly established that the only person to whom the statement was made, Don Eisenstein, did not understand the statement to be defamatory. Following is testimony from Don Eisenstein's deposition:

Q  To the best of your knowledge, there were no other people around other than you and Jack Williams. Is that correct?

A  Yes, sir.

\*    \*    \*    \*    \*    \*

Q  Have you ever heard Jack Williams while he was store manager accuse Doug Bergman in front of several employees of stealing nearly $700.00 from the corporation?

A  No, sir.

Q  Have you ever heard him accuse Doug Bergman of taking any money at all?

1. The defense of privilege may be lost if the plaintiff can show that the communication was made with malice or want of good faith. *May-*

*field v. Gleichert,* supra at 626; *Buck v. Savage,* 323 S.W.2d 363, 372–3 (Tex.Civ.App.—Houston 1969, writ ref'd n. r. e.)

A   No, sir.

\*     \*     \*     \*     \*     \*

Since the summary judgment proof has established that the statement communicated by appellee Williams was privileged and was not published, we hold that the record before us demonstrates that the communication is not actionable as a matter of law and therefore, the trial court did not err in granting appellees' motion for summary judgment.

Judgment of the trial court is affirmed.