803 F.2d 857
 42 Fair Empl.Prac.Cas. 241,
42 Empl. Prac. Dec. P 36,812
Calvin W. SLAUGHTER and Carol Ann Slaughter,
Plaintiffs-Counter Defendants-Appellants,
v.
ALLSTATE INSURANCE COMPANY, et al., Defendants-Counter
Plaintiff-Appellees.
 No. 86-2201
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 3, 1986.
 David T. Lopez & Associates, David T. Lopez, Houston, Tex., for plaintiffs-counter defendants-appellants.
 Bracewell & Patterson, V. Scott Kneese, Dennis Childs, Houston, Tex., for defendants-counter plaintiff-appellees.
 Appeal from the United States District Court for the Southern District of Texas.
 Before RUBIN, RANDALL, and HIGGINBOTHAM, Circuit Judges.
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 Calvin W. Slaughter, who was forty-one years old and had worked for Allstate Insurance Company for sixteen years, was discharged for the stated reason that he had submitted a false insurance claim for damages to his home. Allstate replaced him with a younger person. Slaughter and his wife sued Allstate and various Allstate employees, asserting claims under the Age Discrimination in Employment Act of 1967,[1] as well as various tort claims under Texas state law. Allstate counterclaimed, asserting that Slaughter had violated a covenant not to compete following his discharge, and obtained a preliminary injunction from the district court against his competition. Subsequently, the district court dismissed the claims against the Allstate employees and rendered summary judgment in favor of Allstate. We affirm the judgments of the district court.
 
 I.
 
 2
 Slaughter, an insurance sales agent for Allstate, had an Allstate policy on his home for fire and extended coverage in the amount of $85,000, subject to a deductible of $850. The premium was lower than it would have been if the deductible had been less. The policy was to expire on March 27, 1984. Slaughter testified in his deposition that he had decided to increase the coverage and decrease the deductible, but had neither filed an application to do so nor paid the additional premium that this would entail when on March 24 he suffered water damage, amounting to $550, to a carpet in his home. Subsequently, on March 26, Slaughter filed an application to Allstate to increase the insured value of his home and decrease the deductible. He dated the application March 26, but backdated the effective date of the change to March 23. As a result of the lower deductible, half of the damage to the carpet was covered. Slaughter filed a claim for his loss without reporting to his supervisors that he had made the changes in his policy after the loss had occurred.
 
 
 3
 Several days thereafter, Slaughter discussed the changes with his superior. What was said then is disputed. Slaughter's version is that the superior told him that the claim would probably be denied, but that denial would be the worst that could happen, and that Slaughter should submit it for a "management exception." Allstate investigated the matter, and after further discussions with Slaughter, discharged him on September 7.
 
 
 4
 In his complaint, Slaughter prayed for reinstatement and compensatory and punitive damages. Although he alleged that, "unless subjected to the specific injunctive orders of this court, the Defendants will continue to deny to the Plaintiff the benefits of his contract of employment as an insurance sales agent, and the Plaintiff has no plain and adequate remedy at law," Slaughter did not seek any injunctive relief other than reinstatement in the complaint.
 
 II.
 
 5
 The Act gives no basis for relief against the company employees as individuals. Reinstatement, the only appropriate relief sought by Slaughter under the Act, could be granted only by Allstate. The complaint stated no other federal claim against the named individual defendants. The judgment dismissing the age discrimination claim against the individual defendants was, therefore, correct. In the absence of a federal claim, a district court may in its discretion, and generally should, dismiss pendent state law claims.[2] The district court properly declined to exercise jurisdiction of the state law claims against the individual defendants.
 
 III.
 
 6
 The district court entered the preliminary injunction enforcing Slaughter's covenant not to compete on May 23, 1985. The preliminary injunction was then appealable as of right. Fed.R.App.Proc. 4(a)(1) requires the notice of appeal from any order appealable as of right to be filed within 30 days after the order is entered. That time limit is jurisdictional. Because Slaughter did not file a notice of appeal until March 1986, we lack jurisdiction to consider the appeal from the preliminary injunction.
 
 IV.
 
 7
 The party opposing a motion for summary judgment may not rest on the allegations of his complaint. As the Supreme Court held in Celotex Corp. v. Catrett,[3] the party who bears the burden of proof on an issue at trial must, in responding to a proper motion for summary judgment, "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute.[4] If he has had sufficient time for discovery, he must "designate 'specific facts showing that there is a genuine issue for trial.' "[5] Although our earlier jurisprudence required the district judge to search the record for a genuine dispute about a material fact, Celotex Corp., as well as this court's recent decision in Fontenot v. Upjohn Co.,[6] makes clear that the moving party must point out to the court the absence of evidence showing a genuine dispute--though the moving party need not always present actual evidence negating a dispute. The court in Celotex Corp. said:
 
 
 8
 Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.[7]
 
 
 9
 Allstate's motion for summary judgment was based almost entirely on Slaughter's deposition supplemented by other evidentiary materials. The Slaughters did not file any evidentiary material in opposition to this motion. The Slaughters do not point, either in the record or in their brief to this court, to any genuine dispute of a material fact. While Slaughter did not backdate the form that he filled out to change his policy, he did backdate the effective date of the change. The Slaughters' suggestion that it is not dishonest to backdate the effective date of an insurance policy to acquire retroactive coverage betrays a curious sense of morality. That Slaughter took such action was sufficient to warrant his discharge absent use of the incident as a pretext to cloak discrimination.
 
 
 10
 Whether, as Slaughter contends, he told his supervisor about the discrepancy in dates a few days after making the change, or, as Allstate's evidence indicates, this conversation about the discrepancy in dates took place a month later, when Allstate was investigating the matter, is immaterial. The conversation did not negate the earlier dishonesty but, at most, minimized in Slaughter's mind the danger to which he had exposed himself. Slaughter points to nothing other than this conversation to show that Allstate's reasons for discharging him were pretextual.
 
 
 11
 While Slaughter said in his deposition that he believed and suspected that Allstate had a company policy of replacing agents over 40 with younger agents to reduce expenses, he admitted having no personal knowledge of such a policy and adduced no evidence of it. Testimony based on conjecture alone is insufficient to raise an issue as to the existence of the alleged policy.[8] It is difficult indeed to see how Allstate would save money with such a policy, since the evidence shows that all agents were paid on a commission basis, with compensation keyed to sales, so that younger agents making greater sales earned more than Slaughter.
 
 
 12
 The burden of establishing pretext rests on the party asserting age discrimination.[9] In Anderson v. Liberty Lobby, Inc.,[10] the Supreme Court held that "evidence" as weak as Slaughter's cannot preclude summary judgment, saying:
 
 
 13
 The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.
 
 
 14
 * * *
 
 
 15
 * * *
 
 
 16
 If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. (Citations omitted.)[11]
 
 
 17
 There is, of course, no rule of law prohibiting summary judgment in an age discrimination case.[12]
 
 
 18
 Slaughter's pendent state claims against Allstate include a contention that Allstate breached its contract with him by discharging him without notice. The contract, however, does not require notice and an opportunity for corrective action before discharge on grounds of dishonesty. It requires advance warning and counselling only in instances of unsatisfactory work. Here, dishonesty was the ground for discharge.
 
 
 19
 The Slaughters also assert the existence of evidence from which a jury might have determined that Allstate slandered him, but do not identify that evidence. The only testimony adduced on this issue related to the circumstances of Slaughter's termination. The publicity given Slaughter's discharge was in publications that (i) were privileged because they were made in good faith, between persons within the Allstate system who had an interest in the discharge,[13] or (ii) stated nothing about the reason for his termination.
 
 
 20
 The state law claim against Allstate for intentional infliction of emotional distress depends on the successful assertion of an independent tort, and was therefore properly dismissed.[14] The conspiracy claim was properly dismissed because it was made only against the individual defendants, who had already been dismissed from the case, and not against Allstate.
 
 V.
 
 21
 The Slaughters assert that the district court erred in "failing to consider and exercise pendent party jurisdiction" of their state law claims against the Allstate employees. The Slaughters, however, never invoked pendent party jurisdiction. Moreover, even when properly invoked, the exercise of pendent jurisdiction is left to the discretion of the district judge. Their claims were dismissed without prejudice.
 
 
 22
 For these reasons, we AFFIRM the judgments of the district court.
 
 
 
 [1]
 29 U.S.C. Sec. 623, et seq. (1986)
 
 
 [2]
 United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)
 
 
 [3]
 --- U.S. ---, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)
 
 
 [4]
 Id. at ---, 106 S.Ct. at 2553
 
 
 [5]
 Id
 
 
 [6]
 780 F.2d 1190, 1195-97 (5th Cir.1986)
 
 
 [7]
 Celotex Corp., --- U.S. at ---, 106 S.Ct. at 2555
 
 
 [8]
 Confer v. SKF Industries, Inc., 40 FEP 1721, 1724 (W.D.Pa.1986)
 
 
 [9]
 United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 716, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983)
 
 
 [10]
 --- U.S. ---, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)
 
 
 [11]
 Id. at ---, 106 S.Ct. at 2512, 2511
 
 
 [12]
 See Anderson v. Liberty Lobby, --- U.S. ---, 106 S.Ct. 2505
 
 
 [13]
 Bergman v. Oshman's Sporting Goods, Inc., 594 S.W.2d 814, 816 (Tex.Civ.App.--Tyler 1980, no writ)
 
 
 [14]
 Vietnamese Fishermen's Assn. v. Knights of the Ku Klux Klan, 518 F.Supp. 993, 1013-14 (S.D.Tex.1981); cf. Fenslage v. Dawkins, 629 F.2d 1107, 1110-11 (5th Cir.1980)