**J. Carl BEASON and Vesta G. Barnett,**
**Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 25237.

United States Court of Appeals
Fifth Circuit.

May 31, 1968.

Hollis C. Thompson, Jr., Gulfport, Miss., Wm. B. Baggett, Lake Charles, La., Sydney B. Nelson, Shreveport, La., Mize, Thompson & Mize, Gulfport, Miss., Pugh & Nelson, Shreveport, La., Long, Strong, Jackson & Strong, Carthage, Tex., Baggett, Hawsey & McClain, Lake Charles, La., for appellants.

Robert E. Hauberg, U. S. Atty., Joseph E. Brown, Jr., Asst. U. S. Atty., Jackson, Miss., Edwin R. Holmes, Jr., Asst. U. S. Atty., for Appellee United States.

Before TUTTLE and DYER, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM:

This is an appeal from the District Court's order granting summary judgment in favor of the United States in a Federal Tort Claims Act suit. Appellants, employees of an independent contractor doing construction work for the United States, fell and were injured when rigging, owned by the contractor, being used to hoist a hangar door into place broke, causing the door to fall through the scaffolding on which appellants were working. Appellants urge that the District Court erred in granting summary judgment because there were material facts in dispute concerning whether or not the United States negligently breached its duty to maintain safety standards thus causing appellants' injuries. We affirm.

It affirmatively appears that the provisions of the contract between the United States and the independent contractor upon which appellants rely did not, by their terms, impose a duty on the United States to maintain safe working conditions and "where the only Governmental undertaking relied upon is a safety inspection program in connection with work being performed by an independent contractor," no liability under the Good Samaritan Doctrine for negligent performance of the contract by the independent contractor can attach to the United States. Roberson v. United States, 9 Cir. 1967, 382 F.2d 714, 721–722. The United States was entitled to judgment as a matter of law.

Affirmed.