**Luis Soto MARTINEZ, Jr., and Mariaelean Martinez, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. DR–86–CA–06.**

United States District Court, W.D. Texas, Del Rio Division.

March 11, 1987.

Allen Moore, Odessa, Tex., Richard L. Palmer, Big Spring, Tex., for plaintiffs.

John Paniszczyn, Asst. U.S. Atty., San Antonio, Tex., for defendant.

## ORDER

PRADO, District Judge.

Plaintiff Luis Soto Martinez, Jr. brought this action against the United States to recover damages for injuries sustained while he was working on the Amistad Dam and Lake project in Val Verde, Texas. At the time of the accident Martinez was an employee of Farrell Construction Company. Farrell was engaged by the Defendant as a contractor to construct a hydroelectric plant at the project. Plaintiff was injured after being struck by a steel plate dropped by another Farrell employee who was situated above the Plaintiff on the dam.

Plaintiff alleges that the United States is liable for his injuries under the Federal Tort Claims Act on the assumption that Farrell employees were employees of the Federal government. (28 U.S.C. § 2671 *et seq.*). The Defendant rebuts this theory by asserting that the United States is exempt from liability through the independent contractor exception to the Federal Tort Claims Act. The matter currently before the court is Defendant's motion for summary judgment, filed December 24, 1986.

The standard for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure requires the moving party to demonstrate that there is an absence of evidence supporting a genuine issue of material fact. If the non-moving party fails after a reasonable discovery period to establish with specific facts the existence of an element material to his case and on which he bears the burden of proof, the movant is entitled to a judgment as a matter of law. *Celotex Corporation v. Catrett,* ——— U.S. ———, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Slaughter v. Allstate Insurance Co.,* 803 F.2d 857, 860 (5th Cir.1986).

The Federal Tort Claims Act states that the United States is liable for injuries "caused by the negligent act of any employee of the Government ..." 28 U.S.C. § 1346(b). "Employees of the Government" also include employees of "any federal agency ..." 28 U.S.C. § 2671. "A federal agency ... does not include any contractor with the United States." 28 U.S.C. § 2671. Therefore, the United States is not liable for injuries caused by the negligent act of an independent contractor. *U.S. v. Orleans,* 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); *Loque v. U.S.,* 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973).

The United States contends that the employer of the Plaintiff in this case was an independent contractor, and that the negligent acts of its employees are not attributable to the Government. Because the existence of this fact would negate an essential element of the Plaintiff's case, the United States argues that it is entitled to summary judgment as a matter of law.

In the case at bar, the issue is whether the United States exercised a degree of control over Farrell employees sufficient to impute liability. In order to be liable, the Government must have supervised day-to-day operations or controlled the detailed physical performance of the contractor. *See U.S. v. Orleans,* 425 U.S. at 815, 96 S.Ct. at 1976; *Loque v. U.S.,* 412 U.S. at 528, 93 S.Ct. at 2219.

■ Plaintiff asserts that the necessary element of control over the contractor existed because the Army Corps of Engineers (ACOE) maintained a right to control safety procedures at the work site. Plaintiff argues that a statement made in the deposition of Farrell engineer Rufus Saunders establishes that the Army Corps of Engineers had "ultimate control" over safety on

the project. This legal conclusion by the Farrell engineer does not settle the issue in Plaintiff's favor, however. Later in the deposition, Saunders defined "ultimate control" as the ability to cancel the contract for safety violations, or to assume the administration of safety programs should conditions become hazardous. Deposition of Rufus Saunders, at 37–38. Moreover, upon cross-examination, Saunders admitted that Farrell had the day-to-day responsibility of overseeing safety, and that ACOE had never undertaken these responsibilities.[1] *Id.* Accordingly, Plaintiff has failed to demonstrate that ACOE exercised control over the Farrell employees.

■ For its part, the Government establishes that it is entitled to summary judgment because the *right* to assume control by itself does not produce liability. Through the affidavit of Ronald P. Zunker, resident engineer for ACOE, and Section 12 of the construction contract, Defendant shows the sole right of ACOE was to inspect the project to ensure contract compliance, and that all responsibility for safety precautions belonged to Farrell. The fact that the Government reserved the specific right to stop work for safety violations is not enough to impose liability. See *Lipka v. U.S.*, 369 F.2d 288, 291 (2d Cir.1966), *cert. denied*, 387 U.S. 935, 87 S.Ct. 2061, 18 L.Ed.2d 997, *reh'g denied*, 388 U.S. 925, 87 S.Ct. 2129, 18 L.Ed.2d 1381 (1967); *Strangi v. U.S.*, 211 F.2d 305 (5th Cir.1954); *Kropp v. Douglas Aircraft Co.*, 329 F.Supp. 447 (E.D.N.Y.1971). Further, the issuance of safety manuals or regulations does not impose a duty to maintain safe conditions on Defendant. *See Market Insurance Co. v. U.S.*, 415 F.2d 459, 464 (5th Cir.1969). Absent specific wording in the contract or acts undertaking the contractual duty to maintain safe conditions, the Government does not assume that responsibility by voluntarily imposing safety procedures for the benefit of the workers. *See Id.* at 464; *Beason v. U.S.*, 396 F.2d 2 (5th Cir.1968); *Kirk v. U.S.*, 270 F.2d 110, 118 (9th Cir.1959).

Plaintiff relies on the wording of the Restatement (2d) of Torts § 414 (1977) as adopted in *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex.1985):

> One who entrusts work to an independent contractor, but who retains control of *any* part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control or reasonable care. (emphasis added).

On its face, this language from the Restatement would seem to impute liability to the Government. However, the *Redinger* court makes clear that the employer's role must be more than a general right to order work to stop, to inspect progress or receive reports. He must retain some control over the manner in which the contractor's work is performed. *Id.* at 418. Thus, "any part of the work" does not include the right to halt work, inspect or require progress reports.

■ The evidence here shows that the right contractually reserved to the Army Corps of Engineers was the limited right to halt work for failure to observe measures required by contract. The reservation of this right clearly falls under the exception stated in *Redinger*, for it does not represent an exercise of control over the manner in which the contractor's work is performed.

■ Additionally, the facts in this case are distinguishable from *Redinger*, where the employer exercised supervisory control over the independent contractor by coordinating the work of two subcontractors. The facts in the case at bar indicate only that the Army Corps of Engineers had authority to order work to stop should they discover contract violations—for safety reasons or otherwise. This, according to *Redinger*, is not a sufficient exercise of control over the independent contractor to

---

1. Even if the Government *had* assumed these duties, liability would not follow because Saunders testified that the use of safety nets was not a reasonable or ordinary precaution. *Id.* at 31–32. *See also, Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex.1985) (no liability where the employer uses reasonable care in the exercise of supervisory control).

shift liability for unsafe conditions to the employer. See *Redinger*, 689 S.W.2d at 418. *See also Lipka v. U.S.*, 369 F.2d at 291.

It is evident that the Plaintiff has failed to demonstrate any specific facts that show the existence of a genuine dispute. Plaintiff's claim is based on the supposition that the contractual reservation of a right to stop work for safety violations constitutes sufficient exercise of control to defeat the independent contractor exception. Defendant has shown by sufficient evidence that without the requisite control over day-to-day operations or the detailed physical performance of the contract, the contractor employed by the government is an independent contractor and his employees are excluded from Federal Tort Claims Act protection.

Accordingly, it is ORDERED that Defendant's motion for summary judgment is GRANTED and that this case is DISMISSED WITH PREJUDICE. Since this order disposes of the case, Defendant's motion to dismiss Plaintiff Mariaelean Martinez, filed December 2, 1986, is DENIED as MOOT.