John W. PERSHING, Plaintiff,

v.

UNITED STATES of America, and in particular, the U.S. Army Corps of Engineers, Fort Worth District, Defendant.

Civ. No. A–89–CA–703.

United States District Court,
W.D. Texas,
Austin Division.

March 9, 1990.

Mack Kidd, Kidd, Whitehurst, Harkness & Watson, Austin, Tex., for plaintiff.

Roxanne McKee, U.S. Attorney's Office, Austin, Tex., for defendant.

## ORDER

WALTER S. SMITH, Jr., District Judge.

This action arises out of injuries sustained by the Plaintiff during construction of an aircraft maintenance facility at Fort Hood, Texas. Plaintiff sues the United States, and in particular, the United States Army Corps of Engineers alleging that his injuries were the result of the Defendant's defective design and engineering work, negligently conducted geotechnical work, and negligent supervision of the project. Defendant now moves to dismiss the Plaintiff's claim or, alternatively, for summary judgment. Both parties have submitted a number of exhibits in support of their respective positions, and the Court will treat this as a motion for summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure.

### I. *Background*

T.H. Taylor, Inc. ("Taylor"), was the general contractor hired to construct an aircraft maintenance facility at Fort Hood, Texas, pursuant to a contract with the United States Army Corps of Engineers (the "Corps"). Plaintiff was employed by R and W Construction Company ("R and W"), a subcontractor that was working on a storm drainage system under a contract with Taylor. There was no contract between R and W and the Corps.

On or about October 25, 1986, the Plaintiff and an R and W crew were excavating and laying pipe when a dirt wall in the trench in which they were working collapsed causing Plaintiff's injuries. An investigation of the accident revealed that the trench was not constructed in accordance with applicable safety regulations.

The contract between Taylor and the Corps provided that the work performed was to be in a skillful and workmanlike manner; that the Government had the right of inspection and acceptance; that Taylor's owner was to personally supervise the work or to have a competent supervisor, satisfactory to the Government, on the work site; that Taylor would comply with the Corps Safety and Health Requirements manual, EM 385-1-1, April 1981, revised October 1984, taking such additional safety measures as the contracting officer deemed reasonably necessary; that Taylor would assure contract conformity in all supplies and services; and that Taylor would report all injuries and take corrective action in the event of noncompliance. Government's Motion, pp. 2–3; Contract clauses 18, 19, 46(c), 47, 54 and 60. The contract further provided that Taylor, not the United States, was responsible for ensuring compliance by subcontractors with the accident prevention plan and applicable safety regulations and provisions. Clause 54.

The contract provisions and summary judgment proof presented clearly establishes that Taylor was an independent contractor; and that the United States did not exercise sufficient control over the project to impute liability to the Government.

### II. *Federal Tort Claims Act*

■ "The United States is immune from suit except to the extent that it consents to be sued." *Levrie v. Department of Army,*

810 F.2d 1311, 1314 (5th Cir.1987). The Federal Tort Claims Act ("FTCA") subjects the United States to liability for injuries "caused by the negligent or wrongful act or omission of any employee of the government...." 28 U.S.C. § 1346(b). "Employees of the government includes employees of any federal agency...." 28 U.S.C. § 2671. A federal agency "does not include any contractor with the United States." 28 U.S.C. § 2671. As a result, the United States is not liable for the negligent acts of an independent contractor. *United States v. Orleans,* 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); *Levrie v. Department of Army,* 810 F.2d at 1314; *Martinez v. United States,* 661 F.Supp. 762 (W.D.Tex.1987).

■ The determination of whether an entity should be considered an independent contractor or a federal agency turns upon the degree of control exercised by the United States. *Id.* "In order to be liable, the Government must have supervised day-to-day operations or controlled the detailed physical performance of the contractor." *Martinez v. United States,* 661 F.Supp. at 763, *citing United States v. Orleans,* 425 U.S. at 815, 96 S.Ct. at 1976; *Logue v. United States,* 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973).

■ The affidavit of John Riddle establishes that, in the present case, the United States did not exercise day-to-day supervision or control of Taylor's employees or the construction activities. Defendant's Exhibit 1. Nor does the contract between Taylor and the Corps provide for such day-to-day supervision. The most the contract establishes is that the Government retained the right to inspect progress, to provide advice on contract provisions, and to order work stopped should safety violations occur. This is insufficient to constitute the type of control necessary to impute liability to the Government. *See Martinez v. United States,* 661 F.Supp. at 764. The right to halt work for failure to observe measures required by the contract "does not represent an exercise of control over the manner in which the contractor's work is performed." *Id.*

In light of the foregoing, Plaintiff's action is barred by the FTCA.

### III. *Discretionary Function Exception*

■ Although the FTCA authorizes suits against the United States for damages, "Congress was careful to except from the Act's broad waiver of immunity several important classes of tort claims." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 808, 104 S.Ct. 2755, 2761, 81 L.Ed.2d 660 (1984). One exception, 28 U.S.C. § 2680(a), provides that the FTCA shall not apply to

(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

This discretionary function exception further precludes the Plaintiff's suit. In determining whether the discretionary function exception is applicable, the Court should focus on "the nature of the conduct, rather than the status of the actor." *United States v. Varig Airlines,* 467 U.S. at 813, 104 S.Ct. at 2764.

Although the Corps retained the right to enforce safety regulations and to halt work for safety violations, there was no mandatory duty upon Corps personnel to inspect or in any manner direct the manner in which the trench was constructed. *See Galvin v. Occupational Safety & Health Administration,* 860 F.2d 181 (5th Cir. 1988). Accordingly, Plaintiff's claims are further barred by the discretionary function exception to the FTCA.

In light of the foregoing, it is ORDERED that the Defendant's Motion for Summary Judgment is GRANTED.